# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 02-CR-37-LRR |
| vs. | **ORDER** |
| SCOTT RISTINE, | |
| Defendant. | |

_____

The matter before the court is Defendant Scott Ristine's motion for credit toward his sentence ("Motion") (docket no. 85). The clerk's office filed the Motion on March 1, 2012.

18 U.S.C. § 3585 directs that a defendant "be given credit toward the service of a term of imprisonment for any time he [or she] has spent in official detention prior to the date the sentence commences . . . [if the official detention was] a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b).

> [T]he Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under [18 U.S.C. §] 3585(b). *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). . . .
>
> . . . The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his [or her] sentence. *Wilson*, 503 U.S. at 335, 112 S. Ct. 1351; *see also United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335, 112 S. Ct. 1351; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues through which [a defendant] may resolve any dispute about the length of his [or her] time in [official detention prior to the date the sentence commences].

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). Clearly, the court does not have the authority to credit the time that Defendant spent in official detention prior to the date his sentence commenced. Moreover, Defendant makes no assertion regarding the administrative remedies that he pursued, and, rather than file a habeas corpus petition under 28 U.S.C. § 2241 in the district where he is confined, Defendant elected to file the instant motion in his underlying criminal case. Accordingly, the Motion (docket no. 85) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED** this 2nd day of March, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA